

SEP 2 8 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, Plaintiff, v. B. WHEELER, Defendant. | 2:03-cv-02443-GEB-DAD-P<br>TRIAL CONFIRMATION ORDER |

The trial confirmation hearing was held in this action on September 23, 2005 ("TCH"), at which the trial scheduled to commence on November 15, 2005, was confirmed. Trial will commence at 9:00 a.m. each day on Tuesday, Wednesday, and Thursday and will adjourn for the evening around 4:30 p.m.

At the TCH, the parties were read a proposed jury instruction to determine if they agreed that it reflected Plaintiff's liability claim. Plaintiff responded that the proposed instruction failed to include his claim that Defendant Wheeler retaliated against him for exercising his First Amendment right to practice his religion by adhering to a religious diet. Defendant objected to inclusion of this claim on evidentiary grounds. Following the TCH, the Final Pretrial Order filed September 16, 2005 ("FPO") and Plaintiff's

Supplemental Pretrial Statement were examined to determine whether the religious diet issue is preserved for trial. The Disputed Factual Issues listed in the FPO include the following issue: "Whether defendant Wheeler's actions toward plaintiff in March 2003 were substantially or primarily motivated by retaliation against plaintiff for exercising his First Amendment rights." (FPO at 3, lines 13-15.) In light of this plural reference to "rights" and since Defendant only objected to the inclusion of Plaintiff's religious diet claim on evidentiary grounds, the issue will be tried.

Further, Defendant's counsel stated two elements were missing from the proposed liability instruction read at the TCH: (1) Defendant's actions had a chilling effect and (2) Defendant's actions were not in advancement of legitimate penological objectives. Counsel referred to Rhodes v. Robinson and said this decision had been modified. Rhodes was amended on April 25, 2005, after the findings and recommendations had been filed and adopted in this action. See Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005). The attached revised jury instructions are intended to reflect the amendment Defendant requests.[1]

The judge will ask all voir dire questions. The voir dire questions the judge will ask are attached. Any additions or modifications shall be filed no later than October 17, 2005. During voir dire the judge will ask, "Does a party have additional input?" If a party responds "yes," that party shall give the Courtroom Deputy that party's written question or questions.

---

[1] Since it is assumed that the parties stipulate Defendant acted under color of state law, the attached proposed jury instructions do not discuss that element of Plaintiff's retaliation claims.

The attached "Query re Excuse Potential Jurors," "Whether Jurors Present During Exercise of Peremptory Challenges," "Strike Sheet," and "Jury Box" were discussed at the trial confirmation hearing and could be used during jury selection.

Also attached is the table of contents from the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

The issue whether Plaintiff will appear at trial with leg restraints under his clothing that are shielded from a juror's view by vanity drapes which will be placed on counsel tables in the courtroom will be decided later.

Eight jurors will be selected by the method explained at the trial confirmation hearing.

Each side's opening statement may not exceed 10 minutes;[2] each side's closing argument may not exceed 20 minutes.

If Plaintiff elects to testify, he will testify from his location at counsel table.

IT IS SO ORDERED.

DATED: September 27, 2005

GARLAND E. BURRELL, JR.
United States District Judge

---

[2] The Undisputed Facts in the FPO will be read to the jury before the parties give their opening statements and will be preceded by the following introductory statement: "You should treat the following facts as having been proved."

Proposed Jury Instruction Applicable to Both Claims

Plaintiff claims that Defendant violated Plaintiff's constitutional rights of access to the courts and free exercise of religion under the First Amendment to the Constitution of the United States. The right of access to the courts means that a prisoner has the right to file claims and other papers with the court without having the exercise of that right made the basis of a penalty or punishment. The right to free exercise of religion means that a prisoner has the right to practice his religion without having the exercise of that right made the basis of a penalty or punishment.

Specifically, Plaintiff claims that his constitutional right of access to the courts and his constitutional right to practice his religion were violated by Defendant when Defendant enforced a food policy against Plaintiff, which Plaintiff contends was not enforced against other inmates, and that Defendant's enforcement of this policy against Plaintiff was for the purpose of retaliating against or punishing Plaintiff because he exercised his First Amendment right of access to the courts and his First Amendment right to practice his religion.

Proposed Jury Instruction (Religious Diet Claim)

To prevail on his free exercise of religion claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant knew that Plaintiff adhered to a religious diet;

Second, that Defendant intentionally retaliated against or punished Plaintiff because Plaintiff exercised his First Amendment right to practice his religion by adhering to a religious diet;

Third, that Defendant's adverse action against Plaintiff chilled Plaintiff's adherence to his religious diet;

Fourth, that Defendant's actions were not undertaken to advance a legitimate penological purpose; and

Fifth, that Defendant's actions and conduct were the legal cause of injury and consequent damages to Plaintiff.

Proposed Jury Instruction (Right to Access the Courts Claim)

To prevail on his right to access the courts retaliation claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant knew that Plaintiff had a lawsuit pending against other correctional officers;

Second, that Defendant intentionally retaliated against or punished Plaintiff because Plaintiff exercised his First Amendment right to access the courts by bringing a law suit against other correctional officers;

Third, that Defendant's adverse action against Plaintiff chilled Plaintiff's First Amendment rights;

Fourth, that Defendant's actions were not undertaken to advance a legitimate penological purpose; and

Fifth, that Defendant's actions and conduct were the legal cause of injury and consequent damages to Plaintiff.

Proposed Jury Instruction (Elements Applicable to Both Claims)

The word "Intentionally" used in the second element of each claim means that Defendant's conduct toward Plaintiff was substantially or primarily motivated by Plaintiff's exercise of his First Amendment right to access the courts or by Plaintiff's exercise of his First Amendment right to practice his religion.

The word "legal cause" used in the fifth element of each claim means it played a substantial part in bringing about or actually causing the injury or damages. It plays a substantial part if the evidence shows the injury or damage was a reasonably foreseeable consequence of the act or omission.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE, Plaintiff, v. B. WHEELER, Defendant.

2:03-cv-02443-GEB-DAD-P

INTRODUCTION AND VOIR DIRE

Good morning, and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter, Kimberly Watkins.

We are about to begin what is known as voir dire. The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so that we can ascertain which of you can fairly sit as a juror in this particular case. Voir dire consists of questions designed to tell the parties some general things about each prospective juror, and to provide the parties with

information about whether a prospective juror should be a juror in this case. It allows the parties to exercise more intelligently their peremptory challenges. A peremptory challenge is a request by a party to excuse a juror. The parties will exercise their peremptory challenges after the questioning is complete. In addition, voir dire enables the Court to determine whether any prospective juror should be excused for cause. Challenges for cause permit rejection of a prospective juror for a legal basis.

1. Ms. Furstenau, please administer the oath to the panel.

2. The Jury Administrator has already randomly selected potential jurors and placed their names on a sheet that has been provided to each party. The names are listed in the numerical sequence in which they were randomly selected, and each juror has been placed in his or her randomly-selected seat.

3. I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat first. If no juror raises his or her hand, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name by first stating your last name, then your seat number, and lastly your response. That should expedite the process.

4. The parties estimate that it will take three days for them to present the evidence to you, after which they will give you closing arguments. After closing arguments, I will give you closing jury instructions and you will begin your deliberations. Because I handle

criminal matters on Fridays and other civil matters on Mondays, we will only be in trial three days a week: Tuesday, Wednesday, and Thursday. On the days we are in trial, we will begin at 9:00 a.m. and usually end around 4:30 p.m. As soon as you commence jury deliberations, you will be expected to deliberate as necessary during these hours, including Mondays and Fridays, but not on the weekends, until you complete your deliberations. Will any of you find it difficult or impossible to participate in this trial during these times?

5. The parties may now introduce themselves and name the witnesses they anticipate calling.

Do you know any of the named individuals, or any of the potential witnesses, or ever had any business or other dealings with any person just named?

6. Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for that person to serve as a member of this jury?

7. I will now state the allegations involved in this case to provide you with information about this lawsuit.

This action concerns Plaintiff's claims under the First Amendment to the United States Constitution that Defendant retaliated against Plaintiff because of Plaintiff's exercise of his right to access the courts and because of Plaintiff's religious diet. Defendant denies the allegations.

8. Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not serving as a juror in this type of case?

9. Do you have any belief or feeling which could interfere with your ability to be a fair and impartial juror in this case?

10. Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

i. Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

11. During the trial, each of you will have to determine which witnesses are telling the truth. Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision.

12. Plaintiff will present his case first. Only after Plaintiff has presented his case will Defendant have an opportunity to present his side of the case. Please raise your hand if you can not agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

13. It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law. To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law. You may not substitute your own idea of what you think the law ought to be. Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

14. Is there any reason why you could not be fair to both sides in this case?

15. My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

(a) Name

(b) Age

(c) Educational background

(d) Your marital status

(e) Present and former occupations for you and your spouse and/or the most significant person in your life

(f) Part of the state in which you live

(g) Ages and occupations of children

Query re Excuse Potential Juror

Do you Agree that Juror No. ____ should be excused for the reason stated by the juror or for any other reason? (Check applicable box below)

| | Plaintiff | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
| | Yes | No | Yes | No |

Whether Jurors Present During Exercise of Peremptory Challenges

Can the jury be excused for the amount of time it will take to exercise peremptory challenges? (Set forth response in box below)

| | Plaintiff | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

How long do you estimate it will take you to exercise peremptory challenges? (Set forth minutes in box below)

| | Plaintiff | Defendant's Attorney |
|---|---|---|
| MINUTES: | ☐ | ☐ |

STRIKE SHEET

| Plaintiff | | Defendant | |
|---|---|---|---|
| | 1______ | | 1_______ |
| | 2______ | | 2_______ |
| | 3______ | | 3_______ |

Jury Box

| 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |
|---|---|---|---|---|---|---|---|
|  | 15 | 14 | 13 | 12 | 11 | 10 | 9 |

18

17

16

# FEDERAL RULES OF CIVIL PROCEDURE FOR THE UNITED STATES DISTRICT COURTS

Amendments received to May 13, 2005

TABLE OF RULES


| | | Rules |
|---|---|---|
| I. | SCOPE OF RULES—ONE FORM OF ACTION | 1, 2 |
| II. | COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS | 3–6 |
| III. | PLEADINGS AND MOTIONS | 7–16 |
| IV. | PARTIES | 17–25 |
| V. | DEPOSITIONS AND DISCOVERY | 26–37 |
| VI. | TRIALS | 38–53 |
| VII. | JUDGMENT | 54–63 |
| VIII. | PROVISIONAL AND FINAL REMEDIES | 64–71 |
| IX. | SPECIAL PROCEEDINGS | 71A–76 |
| IX. | APPEALS | 72–76 |
| X. | DISTRICT COURTS AND CLERKS | 77–80 |
| XI. | GENERAL PROVISIONS | 81–86 |
| | APPENDIX OF FORMS | |
| | SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS | |


I. SCOPE OF RULES—ONE FORM OF ACTION


Rule
1. Scope and Purpose of Rules.
2. One Form of Action.


II. COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS


3. Commencement of Action.
4. Summons.
4.1. Service of Other Process.
5. Serving and Filing Pleadings and Other Papers.
6. Time.


III. PLEADINGS AND MOTIONS


7. Pleadings Allowed; Form of Motions.
7.1. Disclosure Statement.
8. General Rules of Pleading.
9. Pleading Special Matters.
10. Form of Pleadings.
11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions.


Rule

III. PLEADINGS AND MOTIONS—Cont'd


12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings.
13. Counterclaim and Cross-Claim.
14. Third-Party Practice.
15. Amended and Supplemental Pleadings.
16. Pretrial Conferences; Scheduling; Management.


IV. PARTIES


17. Parties Plaintiff and Defendant; Capacity.
18. Joinder of Claims and Remedies.
19. Joinder of Persons Needed for Just Adjudication.
20. Permissive Joinder of Parties.
21. Misjoinder and Non-Joinder of Parties.
22. Interpleader.
23. Class Actions.
23.1. Derivative Actions by Shareholders.
23.2. Actions Relating to Unincorporated Associations.
24. Intervention.
25. Substitution of Parties.


V. DEPOSITIONS AND DISCOVERY


26. General Provisions Governing Discovery; Duty of Disclosure.
27. Depositions Before Action or Pending Appeal.
28. Persons Before Whom Depositions may be Taken.
29. Stipulations Regarding Discovery Procedure.
30. Depositions Upon Oral Examination.
31. Depositions Upon Written Questions.
32. Use of Depositions in Court Proceedings.
33. Interrogatories to Parties.
34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes.
35. Physical and Mental Examinations of Persons.
36. Requests for Admission.
37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions.


VI. TRIALS


38. Jury Trial of Right.
39. Trial by Jury or by the Court.
40. Assignment of Cases for Trial.
41. Dismissal of Actions.

Rule

VI. TRIALS—Cont'd

42. Consolidation; Separate Trials.
43. Taking of Testimony.
44. Proof of Official Record.
44.1. Determination of Foreign Law.
45. Subpoena.
46. Exceptions Unnecessary.
47. Selection of Jurors.
48. Number of Jurors—Participation in Verdict.
49. Special Verdicts and Interrogatories.
50. Judgment as a Matter of Law in Jury Trials; Alternative Motion for New Trial; Conditional Rulings.
51. Instructions to Jury; Objections; Preserving a Claim of Error.
52. Findings by the Court; Judgment on Partial Findings.
53. Masters.

VII. JUDGMENT

54. Judgments; Costs.
55. Default.
56. Summary Judgment.
57. Declaratory Judgments.
58. Entry of Judgment.
59. New Trials; Amendment of Judgments.
60. Relief From Judgment or Order.
61. Harmless Error.
62. Stay of Proceedings to Enforce a Judgment.
63. Inability of a Judge to Proceed.

VIII. PROVISIONAL AND FINAL REMEDIES

64. Seizure of Person or Property.
65. Injunctions.
65.1. Security: Proceedings Against Sureties.
66. Receivers Appointed by Federal Courts.
67. Deposit in Court.
68. Offer of Judgment.
69. Execution.
70. Judgment for Specific Acts; Vesting Title.
71. Process in Behalf of and Against Persons not Parties.

IX. SPECIAL PROCEEDINGS [1]

71A. Condemnation of Property.
72. Magistrate Judges; Pretrial Orders.
73. Magistrate Judges; Trial by Consent and Appeal Options.
74. Method of Appeal From Magistrate Judge to District Judge Under Title 28, U.S.C. § 636(c)(4) and Rule 73(d)] (Abrogated April 11, 1997, eff. Dec. 1, 1997).
75. Proceedings on Appeal From Magistrate Judge to District Judge Under Rule 73(d)] (Abrogated April 11, 1997, eff. Dec. 1, 1997).
76. Judgment of the District Judge on the Appeal Under Rule 73(d) and Costs] (Abrogated April 11, 1997, eff. Dec. 1, 1997).

X. DISTRICT COURTS AND CLERKS

77. District Courts and Clerks.
78. Motion Day.

Rule

X. DISTRICT COURTS AND CLERKS—Cont'd

79. Books and Records Kept by the Clerk and Entries Therein.
80. Stenographer; Stenographic Report or Transcript as Evidence.

XI. GENERAL PROVISIONS

81. Applicability in General.
82. Jurisdiction and Venue Unaffected.
83. Rules by District Courts; Judge's Directives.
84. Forms.
85. Title.
86. Effective Date.

APPENDIX OF FORMS

Form

1. Summons.
1A. Notice of Lawsuit and Request for Waiver of Service of Summons.
1B. Waiver of Service of Summons.
2. Allegation of Jurisdiction.
3. Complaint on a Promissory Note.
4. Complaint on an Account.
5. Complaint for Goods Sold and Delivered.
6. Complaint for Money Lent.
7. Complaint for Money Paid by Mistake.
8. Complaint for Money Had and Received.
9. Complaint for Negligence.
10. Complaint for Negligence Where Plaintiff is Unable to Determine Definitely Whether the Person Responsible is C. D. or E. F. or Whether Both are Responsible and Where his Evidence may Justify a Finding of Wilfulness or of Recklessness or of Negligence.
11. Complaint for Conversion.
12. Complaint for Specific Performance of Contract to Convey Land.
13. Complaint on Claim for Debt and to Set Aside Fraudulent Conveyance Under Rule 18(b).
14. Complaint for Negligence Under Federal Employer's Liability Act.
15. Complaint for Damages Under Merchant Marine Act.
16. Complaint for Infringement of Patent.
17. Complaint for Infringement of Copyright and Unfair Competition.
18. Complaint for Interpleader and Declaratory Relief.
18–A. [Abrogated].
19. Motion to Dismiss, Presenting Defenses of Failure to State a Claim, of Lack of Service of Process, of Improper Venue, and of Lack of Jurisdiction Under Rule 12(b).
20. Answer Presenting Defenses Under Rule 12(b).
21. Answer to Complaint Set Forth in Form 8, With Counterclaim for Interpleader.
22. Eliminated,.
22–A. Summons and Complaint Against Third-Party Defendant.
22–B. Motion to Bring in Third-Party Defendant.

Form
23. Motion to
24. Request 1
Rule 34
25. Request f
26. Allegation
27. [Abrogate
28. Notice: C
29. Complain

| Form | |
|---|---|
| 23. | Motion to Intervene as a Defendant Under Rule 24. |
| 24. | Request for Production of Documents, etc., Under Rule 34. |
| 25. | Request for Admission Under Rule 36. |
| 26. | Allegation of Reason for Omitting Party. |
| 27. | [Abrogated. |
| 28. | Notice: Condemnation. |
| 29. | Complaint: Condemnation. |
| 30. | Suggestion of Death Upon the Record Under Rule 25(a)(1). |
| 31. | Judgment on Jury Verdict. |
| 32. | Judgment on Decision by the Court. |
| 33. | Notice of Availability of Magistrate Judge to Exercise Jurisdiction. |
| 34. | Consent to Exercise of Jurisdiction by a United States Magistrate Judge. |
| 34A. | Order of Reference. |
| 35. | Report of Parties' Planning Meeting. |

## TIME TABLE FOR LAWYERS IN FEDERAL CIVIL CASES

**Amended to February 9, 2005**

This Time Table, prepared by the Publisher's editorial staff as a guide to the user, indicates the time for each of the steps of a civil action as provided by the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. Certain steps governed by statute and by the 1997 Revised Rules of the Supreme Court are also listed. The user should always consult the actual text of the rule or statute. Usually the periods permitted for each of these steps may be enlarged by the court in its discretion. In some cases no enlargement is permitted. Citations to supporting authority are in the form "Civ.R. ———" for the Rules of Civil Procedure; "App.R. ———" for the Rules of Appellate Procedure; "28 U.S.C.A. § ———" for statutes; and "Supreme Court Rule ———".

| | |
|---|---|
| **ADMISSIONS** | |
| Requests for admissions, service of | On any other party after the parties have conferred pursuant to Civ.R. 26(f). Civ.R. 36(a). |
| Response to requested admissions | Answers or objections must be served within 30 days after service of the request, or such shorter or longer time as court may allow or as parties may agree to in writing. Civ.R. 36(a). |
| **ALTERNATE jurors** | The institution of the alternate juror has been abolished. Civ.R. 47, 1991 Advisory Committee note, subd. (b). |
| **ANSWER** | **See, also, "Responsive Pleadings", this table.** |
| To complaint | Service within 20 days after being served with summons and complaint unless a different time is prescribed in a federal statute. Civ.R. 12(a)(1)(A). Service within 60 days after date request is sent for waiver of service of summons or within 90 days after that date if defendant was addressed outside any judicial district of the United States unless a different time is prescribed in a federal statute. Civ.R. 12(a)(1)(B). |
| | Service within 60 days after service upon the United States Attorney, in action against the United States or an officer or agency thereof. Civ.R. 12(a). |
| | The time for responsive pleading is altered by service of Civ.R. 12 motions. See "Responsive Pleadings", this table. |
| To cross-claim | Service within 20 days after being served with cross-claim. Civ.R. 12(a)(2). |
| | 60 days for United States. Civ.R. 12(a). |
| | The time for responsive pleading is altered by service of Civ.R. 12(a) motions, see "Responsive Pleadings", this table. |

# RULES OF EVIDENCE FOR UNITED STATES COURTS AND MAGISTRATES

**Pub.L. 93–595, § 1, January 2, 1975, 88 Stat. 1926**
**Amendments received to May 13, 2005**


ARTICLE I. GENERAL PROVISIONS

**Rule**

101. Scope.
102. Purpose and Construction.
103. Rulings on Evidence.
104. Preliminary Questions.
105. Limited Admissibility.
106. Remainder of or Related Writings or Recorded Statements.

ARTICLE II. JUDICIAL NOTICE

201. Judicial Notice of Adjudicative Facts.

ARTICLE III. PRESUMPTIONS IN CIVIL ACTIONS AND PROCEEDINGS

301. Presumptions in General in Civil Actions and Proceedings.
302. Applicability of State Law in Civil Actions and Proceedings.

ARTICLE IV. RELEVANCY AND ITS LIMITS

401. Definition of "Relevant Evidence".
402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.
403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.
404. Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes.
405. Methods of Proving Character.
406. Habit; Routine Practice.
407. Subsequent Remedial Measures.
408. Compromise and Offers to Compromise.
409. Payment of Medical and Similar Expenses.
410. Inadmissibility of Pleas, Plea Discussions, and Related Statements.
411. Liability Insurance.
412. Sex Offense Cases; Relevance of Alleged Victim's Past Sexual Behavior or Alleged Sexual Predisposition.
413. Evidence of Similar Crimes in Sexual Assault Cases.
414. Evidence of Similar Crimes in Child Molestation Cases.
415. Evidence of Similar Acts in Civil Cases Concerning Sexual Assault or Child Molestation.

ARTICLE V. PRIVILEGES

501. General Rule.

**Rule**

ARTICLE VI. WITNESSES

601. General Rule of Competency.
602. Lack of Personal Knowledge.
603. Oath or Affirmation.
604. Interpreters.
605. Competency of Judge as Witness.
606. Competency of Juror as Witness.
607. Who May Impeach.
608. Evidence of Character and Conduct of Witness.
609. Impeachment by Evidence of Conviction of Crime.
610. Religious Beliefs or Opinions.
611. Mode and Order of Interrogation and Presentation.
612. Writing Used to Refresh Memory.
613. Prior Statements of Witnesses.
614. Calling and Interrogation of Witnesses by Court.
615. Exclusion of Witnesses.

616 to 700. Reserved.

ARTICLE VII. OPINIONS AND EXPERT TESTIMONY

701. Opinion Testimony by Lay Witnesses.
702. Testimony by Experts.
703. Bases of Opinion Testimony by Experts.
704. Opinion on Ultimate Issue.
705. Disclosure of Facts or Data Underlying Expert Opinion.
706. Court Appointed Experts.

ARTICLE VIII. HEARSAY

801. Definitions.
802. Hearsay Rule.
803. Hearsay Exceptions; Availability of Declarant Immaterial.
804. Hearsay Exceptions; Declarant Unavailable.
805. Hearsay Within Hearsay.
806. Attacking and Supporting Credibility of Declarant.
807. Residual Exception.

ARTICLE IX. AUTHENTICATION AND IDENTIFICATION

901. Requirement of Authentication or Identification.
902. Self-authentication.
903. Subscribing Witness' Testimony Unnecessary.

ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS AND PHOTOGRAPHS

1001. Definitions.

Rule

ARTICLE X. CONTENTS OF WRITINGS, RECORDINGS AND PHOTOGRAPHS —Cont'd

1002. Requirement of Original.
1003. Admissibility of Duplicates.
1004. Admissibility of Other Evidence of Contents.
1005. Public Records.
1006. Summaries.
1007. Testimony or Written Admission of Party.
1008. Functions of Court and Jury.

ARTICLE XI. MISCELLANEOUS RULES

1101. Applicability of Rules.
1102. Amendments.
1103. Title.